## MOSS v. DOWMAN.

(Circuit Court, D. Minnesota, Fifth Division. October 26, 1897.)

1. PUBLIC LANDS—HOMESTEAD ENTRIES—RELINQUISHMENT—RIGHTS OF SETTLER.

In May, 1890, one R. H. D. filed a homestead entry of certain unappropriated land, but never actually settled on it. On October 24, 1890, in consideration of $1,000, he delivered to plaintiff a relinquishment of his rights, which was filed by her on that day, simultaneously with her own application to enter; and due records, entries, and receipts thereof were made. On April 22, 1891, she actually settled on the land, and began to build a house, and thereafter resided there continuously. But on September 19, 1890, defendant had made actual settlement on the land, and erected a house, which was completed October 10, 1890, and he was in possession on October 24th, when plaintiff filed her application, and he thereafter continuously resided there. *Held*, that at the instant when the relinquishment of R. H. D. was filed the right of defendant as an actual resident and settler attached.

2. SAME.

Defendant was temporarily absent, for proper reasons, from October 19th until October 24th. *Held*, that his residence and settlement continued during this absence, and that it was immaterial whether he was personally on the land at the instant when R. H. D.'s relinquishment was filed.

J. K. Reddington, for complainant.
L. C. Harris, for defendant.

LOCHREN, District Judge. This case is heard upon demurrer to the complainant's bill of complaint, the allegations of which, so far as they need be noticed, are to the effect: That on May 7, 1890, one Robert H. Doran filed in the United States land office at Duluth, Minn., his application to enter as a homestead the S. E. ¼ of section 22, of township 65 N. of range 4 W., fourth P. M., in the Duluth land district, which was then subject to such entry, and unappropriated; and that the register and receiver of said land office allowed said application, and delivered to said Doran the receiver's duplicate receipt or certificate of original entry of said land, acknowledging the receipt of the proper fees for such entry; and that such entry was noted on the books and plats in said land office, and duly returned and reported to the commissioner of the general land office with the proofs on which it was founded, and there duly entered upon the books and records of the general land office. That by law and the rules of the general land office any person making such entry is allowed six calendar months from and after the entry within which to begin settlement and residence upon the land so entered, without forfeiture of any rights acquired by such entry. That within such period of six months from said entry, and on October 24, 1890, in consideration of the sum of $1,000 then paid to him therefor by the complainant, said Robert H. Doran executed and delivered to the complainant, to be filed by her in said Duluth land office, an instrument of writing assigning and relinquishing to the United States all his right, interest, and claim to said land, and requesting that his said entry be canceled; such instrument being written and executed on the back of his original duplicate receipt aforesaid. That on said 24th day of October, 1890, at

from 11 to 11:30 o'clock in the forenoon, the complainant filed said instrument of relinquishment in said Duluth land office, and at the same time filed therewith her application to enter the same land as her homestead; and that the register and receiver then canceled upon their records the said entry of said Robert H. Doran, and accepted and allowed the said application of the complainant, and made the proper entries thereof upon the plats and books in their office, and issued and delivered to her the proper duplicate receipt or certificate of entry of said lands, acknowledging payment of the proper fees, and that such entry by complainant was duly reported to and entered of record in the general land office; and that within six months thereafter, on April 22, 1891, the complainant, with servants, household goods, utensils, and provisions, entered and made settlement on said land, and began to erect, and completed, residing on said land, a dwelling house, at a cost of more than $700, and cultivated the land, making and intending to make it her home, residing thereon continually, and expending in such cultivation and in other buildings and improvements on said land a large sum of money. That on November 24, 1890, the defendant, Richard Dowman, made application to the register and receiver of said Duluth land office to enter the same land as his homestead, alleging that he had made settlement upon said land on the 19th day of September, 1890, and had erected a house thereon, and was in possession of said land on the 24th day of October, 1890, and entitled to enter said land as his homestead. It is further alleged that by direction of the commissioner of the general land office a hearing was had before the register and receiver of the Duluth land office in the months of June and July, 1892, upon testimony then taken to determine the rights of the respective parties. It is needless to follow the allegations of the proceedings before these officers, or their decisions, or that of the commissioner of the general land office upon appeal, as the bill alleges an appeal to the secretary of the interior, and his decision thereon, which is referred to as reported in full in 19 Land Dec. Dep. Int. 526. This decision of the secretary in favor of Richard Dowman and against the complainant is alleged to be erroneous, and contrary to law.

The facts found by the secretary upon the evidence are conclusive upon the parties, and cannot be re-examined; and the only question is whether his decision, based on those facts, was in accordance with law. He finds from the evidence that from February 6, 1885, until October 24, 1890, divers persons had consecutively made filings of homestead entries of this land without in that time making any settlement thereon; and that each of such persons at or near the expiration of six months after making his entry filed a relinquishment thereof, immediately followed by a like entry of another, until the entry by the complainant on October 24, 1890, and her settlement on the land April 22, 1891. Also that Richard Dowman applied on November 18, 1890, to make homestead entry on the land, and made actual settlement on the land September 19, 1890, and then began the construction of a house thereon, which he finished October 10, 1890, making his home there, and actually living there continuously until November,

1890, except a trip to the county town for provisions, made October 19, 1890, returning to the land October 24, 1890, the day when Doran's relinquishment was filed; and that his residence continued on the land thereafter till the hearing, except temporary absences on proper occasions, and not implying bad faith. The secretary found that under the circumstances of the case the settlement of Dowman upon the land September 19, 1890, was made in good faith; and that his residence and settlement on the land continued while he was temporarily absent for provisions from October 19 to October 24, 1890, and that it was immaterial whether he was actually in person on the land on the latter day at the instant when Doran's relinquishment was filed; and that, being such actual settler, residing on the land at the time such relinquishment was filed, his rights as such settler attached at that instant, and prior and superior to any rights that were acquired by the complainant by her application for entry, filed with the said relinquishment. I think the secretary was clearly right. The idea that Doran, by handing his instrument of relinquishment to the complainant for filing, even though for a large consideration, could invest the complainant with his rights or with any rights, is inadmissible. The filing of the relinquishment left the land open to appropriation; and the earliest appropriation of it under the land laws would attach to and hold the land. The arrangement gave the complainant opportunity to act quickly, but, if the right of another attached more speedily, she would fail. Dowman was then on the land, an actual resident and settler. While Doran's entry continued, Dowman could acquire no right by settlement, but the instant that entry was relinquished his right as settler attached, and no new entry, however "simultaneous" with the relinquishment, could be thrust in between Doran's relinquishment and Dowman's rights as a settler upon the land. That Dowman had acquired no rights by his settlement prior to Doran's relinquishment, and might, as respects Doran, have been regarded as a trespasser, makes no difference. When Doran relinquished, Dowman ceased to be a trespasser, and was not only an actual, but a lawful, settler. There was no evidence of mala fides about Dowman's settlement which should affect the legality when the time came for a right to attach to it under the land laws. Neither Doran nor any of the long line of speculative homesteaders who had kept up holdings by entries and relinquishments every six months had ever appeared on the land. The object of the homestead laws is not to encourage speculation, but settlement; and, if Dowman knew all the antecedent facts, he might well expect that an actual settler would acquire the right to the land lawfully upon the next relinquishment, and make his settlement, as the secretary finds as a fact that it was made, in good faith. I will not dwell upon the argument urged by the complainant based on the alleged fact of the simultaneous delivery to and acceptance by the officers of the land office of Doran's relinquishment and complainant's application to enter. No two acts could be so simultaneous as to shut out the effect of a fact existing at the time. To illustrate: Suppose A., for a valuable consideration, paid him by B., sells to B. a tract of land, there being at the time a

judgment against B. docketed in the county. Before receiving his deed from A., suppose B. sells the same land to C., and that B. makes his deed to C., handing it to A. with directions to deliver it to C., and also deliver A.'s deed of the land to B. at the same time to C., and that both deeds are at the same time, and in one envelope, delivered by A. to C., who passes both in the same manner to the register of deeds, and they are noted as received for record at the same hour and minute. The simultaneousness of these deliveries will not prevent the lien of the docketed judgment upon the land as the land of B. under A.'s deed to him, although delivered simultaneously with his own deed to C. The demurrer is sustained, and decree will be entered dismissing the bill, with costs.